## Case No. 13,195.

SOUTHWORTH et al. v. The A. E. DOUGLASS et al.[1]

District Court, D. Connecticut.  May, 1859.

INSOLVENCY PROCEEDINGS--APPOINTMENT OF TRUSTEE—IRREGULARITIES.

[1. An order appointing a trustee to take possession of an insolvent's estate, and purporting to have been entered on the petition of a creditor for that purpose, cannot be considered as an order made under an assignment for the benefit of creditors, although such assignment was pending in the probate court at the same time with the creditor's petition, and some of the subsequent proceedings seem to go upon the idea that the order was made under the assignment.]

[2. The fact the appointment of a trustee to take possession of an insolvent's estate is made by the probate court at a date subsequent to a date fixed by previous order for a hearing in regard thereto, and without any formal order of postponement, does not render the appointment void; for probate courts have no particular terms, and hence there are no continuances, and, if the appointment was irregular, it was an error for correction by appeal.]

[3. An order appointing such a trustee is not invalid merely because it does not show that the necessary facts have been found by the court, when the petition on which the order is made alleges the facts, and the insolvent, by failing to appear and answer thereto, has admitted them to be true.]

[4. The provision of the Connecticut statute (Act 1855, art. 7; Laws 1855, p. 7) requiring

---

[1] [Not previously reported.]

public notice in a newspaper of the time when such a trustee is to be appointed, is directory merely, and the omission thereof is an irregularity to be corrected by an appeal, and does not affect the validity of the appointment.]

[This was a libel by Southworth, Miller & Co. against the schooner A. E. Douglass and others.]

INGERSOLL, District Judge. The question in this case is, do the libellants own the $9/32$ parts of the schooner A. E. Douglass which formerly belonged to one Albert Gaines? If they do, they are the major owners of the vessel, and the decree must be in their favor. If they do not, they are not the major owners of the vessel, and the decree must be against them. It will not be necessary to consider many of the points which have been presented on the trial, as the view taken by the court of one of the points made by the respondents will be decisive of the case, and settle the question that the libellants do not own the abandoned portion of the vessel which formerly belonged to Gaines. On the 31st of October, 1856, Gaines did own $9/32$ parts of the vessel. On the 14th of December, 1857, a creditor of Gaines issued a writ against him, and caused whatever interest he (Gaines) then had in the vessel to be attached. Subsequently a judgment was obtained, an execution issued, and whatever interest was attached was sold on the execution to the libellants. In reply to this, the respondents allege that neither on the 14th of December, 1857, nor at any subsequent time, had Gaines any interest in the vessel; that, before the attachment, whatever interest he owned in the vessel, had been transferred to Horace Cornwall, by virtue of certain proceedings which took place in the court of probate for the district of Hartford, and that Cornwall has transferred the $9/32$ parts of the vessel which passed to him, by virtue of such proceedings, to the respondent Smith. On the 31st of October, 1856, Walter Harris, a creditor of Gaines, presented a petition to the court of probate for the district of Hartford, praying for the appointment of a trustee to take possession of the property of Gaines for the benefit of his creditors, he being insolvent. That petition was regular on the face of it. And it is admitted, if Cornwall was regularly appointed by said court of probate a trustee upon that petition, that the $9/32$ parts of the vessel now in question did pass to him, and that consequently the libellants acquired no right by the purchase which they made on the sale upon the execution. On the day that petition was filed, the court of probate issued a citation to the said Gaines to appear before said court on the 6th day of November, 1856, to show cause why the prayer of the same should not be granted; which citation was legally served on the said Gaines. But he did not appear in pursuance of the requirements thereof. On the third day of November, 1856, Gaines, being insolvent and unable to pay his debts, made an assignment in

writing of all his property, real and personal, except such articles situate without this state, one hundred dollars in cash, and such property as was by law exempt from execution, to Cornwall, in trust for the benefit of his creditors in proportion to their respective claims, to be proceeded with according to the insolvent laws of Connecticut, which assignment on the same day was lodged in the probate office for the district of Hartford.

The court of probate, on the 6th day of said November, passed an order, upon the said assignment, appointing the 11th day of said November as the time for the hearing relative to the acceptance and approval of the trustee named in the assignment, and directed that public notice of said hearing be given by advertisement in a newspaper in Hartford, in the manner in said order mentioned; which order was complied with. On the 12th day of November, 1856, the court of probate passed the following order, to wit: "Upon a hearing of the application of Walter Harris, for the appointment of a trustee of said estate, and the order of notice upon the assignment, this court doth appoint Horace Cornwall trustee of said estate, who appeared in court and accepted said trust, and gave bond jointly with Erastus Smith in the sum of $5,000, which is accepted and approved by the court." If this was a valid appointment of Cornwall as a trustee on the petition of Harris, to have the estate of Gaines settled as an insolvent estate, then it is clear that whatever property Gaines had in the schooner A. L. Douglass on the 31st of October, 1856, was passed to the trustee, and that the libellants acquired no right to any portion of her by virtue of the sheriff's sale on the execution.

The libellants claim that this was not a valid order appointing a trustee on the petition of Harris; that it was not intended to be an order for the appointment of such trustee; but that it was intended to be an order only for the appointment of a trustee on the assignment; and that it was made for such purpose, and at the time of the assignment the petition of Harris was pending to force Gaines into insolvency. They claim, also, that if the order was intended to be an order for the appointment of a trustee on the petition of Harris, that it was void for such purpose, as on the records of the court of probate there does not appear to have been any continuance of the time of hearing, which had been fixed for the 6th day of November to the 12th of November. It appears clear by the order of the 12th of November that it was an appointment of Cornwall as a trustee upon the petition of Harris. It is so expressed to be. It must be so considered, although some subsequent proceedings of the court would seem to go upon the idea that it was intended also to be an order for the appointment of a trustee on the assignment. But such subsequent proceedings cannot be made to change the clear import of the order. An order of the court of probate, like the order of any other court, must speak for

itself, when it can speak clearly and understandingly.

The question, then, is, was it valid for such purpose? The chief reason urged against its validity is that the hearing for the appointment of such trustee, which was by the order of the 31st of October, 1856, fixed for the 6th of November, following, does not expressly appear by an order to have been continued to the 12th of November. The appointment for this cause assigned cannot be considered as a void order, but must be considered sound and valid until appealed from. Courts of probate have no particular terms. They are always open. There is no continuance of a case from one term to another term. There may be a postponement of a case from one day to another, but no continuance from one term to another term. There is but one term of a court of probate. If, when a suit is brought to a court which is not always open, but which has particular terms, a judgment should be rendered on a day of the term subsequent to the day that the process was returnable, it would be a fruitless attempt to attack such judgment, on the ground that no formal order had been entered postponing the hearing from the day when the process was returnable to the day when the judgment was entered. When a process founded on a petition has been served and returned, the case is in court; and while in court, the case may be disposed of by the court. If there is any just cause of complaint that the case has been improperly disposed of, the party complaining can have relief by appeal. If any one had any cause of complaint, of the order of the 12th of November, he could have had relief by appeal. But that order must be considered a valid order, until it has been appealed from. An erroneous order merely, is not a void order.

It is said further that the necessary facts are not found by the court in the order of the 12th of November to have authorized the court of probate to appoint a trustee upon the petition of Harris. The allegations stated in the petition are sufficient, if they were true, to authorize such appointment. Gaines did not appear to contest such allegations. He therefore, by his default, admitted them to be true; and, being admitted to be true, the order was rightfully made.

It is said, further, that the appointment was void, for the reason that no public notice in a newspaper, of the time when a trustee would be appointed, was given, as required by the seventh article of the act relating to insolvent estates passed in 1855. See Acts of that year, page 87. The requirements of that act on this subject are merely directory. A non-compliance with them does not make the appointment a void one. Such non-compliance may be a good reason for setting aside the order on an appeal. But the order, until it is so set aside, must be considered valid. Besides, by the act of the legislature passed in 1858, errors of this description are remedied.

With this view of the case, it is not neces-

sary to consider the other points which have been presented to the consideration of the court. The decree must be that the libel be dismissed, with costs.